### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-06143-SVW-MAA | Date | February 9, 2023 |
|---|---|---|---|
| Title | *Athena Quesada v. Atrium Hospitality LP et al* | | |

Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**      ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND MOTION TO REMAND [14, 15]

#### I. Introduction

Before the Court are motions to amend the complaint and remand this case to California state court filed by Plaintiff Athena Quesada ("Plaintiff"). ECF Nos. 14-15. For the foregoing reasons, the motions are DENIED.

#### II. Factual Background

Plaintiff is over the age of 40 years old. Compl. at ¶ 7. For thirty years, Plaintiff was an employee of Defendant Atrium Hospitality ("Defendant").[1]  *Id.* at ¶ 8. In December 1991, Plaintiff was hired by Defendant as a housekeeping coordinator desk clerk. *Id.* at ¶ 9. Plaintiff maintained this position until moving to the front office department as a PBX operator in 1996. *Id.* at ¶ 10. After a few years, Plaintiff was promoted to Lead PBX operator, and was one of six PBX operators employed by Defendant. *Id.* Over time, Defendant lowered the number of PBX operators until Plaintiff was the only one remaining. *Id.* This downsizing increased Plaintiff's responsibilities significantly, and Plaintiff complained to her supervisor John Pease ("Pease") regarding the increased workload. *Id.* at ¶¶ 10-11.

In March 2020, hotel occupancy dropped significantly due to Covid-19 and Plaintiff was given fewer hours. *Id.* at ¶ 12. Plaintiff contends that while she worked fewer hours, younger hires were

---

[1] In her complaint, Plaintiff also lists various Hilton entities as defendants. ECF 1 at ¶ 3. These defendants were dismissed without prejudice by Plaintiff on August 4, 2022, before the case was removed to federal court. *Id.*

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-06143-SVW-MAA | Date | |
|---|---|---|---|
| Title | *Athena Quesada v. Atrium Hospitality LP et al* | | |

utilized to fulfill her duties. *Id.* On March 12, 2020, Plaintiff received a WARN act notice that placed her on furlough effective March 20, 2020. *Id.* On September 29, 2020, Plaintiff received an update from Defendant, stating that "If you have not assumed a position with Atrium Hospitality by the end of the extension period, employment with the company will be terminated as of October 31, 2020." *Id.* In response Plaintiff texted her supervisor, Pease, on October 1, 2020, and asked for a call back before the date of termination. *Id.* On October 27, 2020, after receiving no response, Plaintiff texted Pease again asking for an update and inquiring about possible open positions in housekeeping. *Id.* On October 31, 2020, Defendant terminated Plaintiff. *Id.* at ¶ 14. Plaintiff alleges she was terminated in favor of younger replacement employees. *Id.* Additionally, Plaintiff noticed on November 2, 2020, that she had not been paid sick leave, and a total of nine hours worked was not reflected on her pay stub. *Id.* at ¶ 13.

From the aforementioned events, Plaintiff brings the following claims: 1) Age discrimination in violation of FEHA; 2) Failure to prevent Discrimination, Harassment and Retailing in violation of FEHA; 3) Wrongful termination in violation of Public Policy; 4) Violations of Labor Code 1102.5; and 5) Intentional Infliction of Emotion Distress. *Id.* at ¶¶ 22-59.

Plaintiff filed the present action in the Superior Court of California for the County of Los Angeles on March 15, 2022. ECF No. 1-1. The action was removed to federal court on August 29, 2022.[2] *Id.* On December 5, 2022, Defendants moved for partial summary judgement. ECF No. 13. On December 7, 2022, Plaintiff filed a motion to amend the complaint, a motion to remand the case to state court, and an ex parte motion seeking to amend the complaint and remand the case. ECF Nos. 14-16.

Plaintiff's amendment to the complaint seeks to add Pease as a defendant, alleging age and disability harassment and intentional infliction of emotion distress ("IIED") against Pease. ECF No. 15-1. Specifically, Plaintiff seeks to include the following new allegations to support her claims:

- Starting on November 20, 2019, through December 16, 2019, Plaintiff required a medical leave of absence due to her own serious medical condition/temporary disability. Specifically, Plaintiff underwent an appendectomy surgery and required a medical leave of absence. During this time, Defendant held its annual Christmas Party, which Plaintiff sought to attend. Plaintiff asked Pease for permission to attend

---

[2] Although Defendants were served on June 30, 2022, the action did not become removeable until sometime after August 26, 2022. ECF No. 1 at ¶¶ 8-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-06143-SVW-MAA | Date | |
|---|---|---|---|
| Title | *Athena Quesada v. Atrium Hospitality LP et al* | | |

the holiday party while she was still on approved medical leave of absence. However, because Plaintiff was on medical leave, Pease refused to allow Plaintiff to attend the Christmas party, despite Defendant allowing other employees who were not scheduled to work during the Christmas party to attend.  Plaintiff claims she "immediately felt harassed and discriminated against on the basis of her temporary disability/medical condition".

- On October 1, 2020, Plaintiff was on a phone call with Pease, where she informed Pease that she was willing to perform any duties or tasks required of her including housekeeping duties, general cleaning and anything else required by defendants. Plaintiff asked Pease to also let the General Manager know that she was willing to work in any position as long as it allowed her to return to work from furlough. Plaintiff alleges that Pease "loudly laughed at Quesada and then hung up the phone." From this event Plaintiff contends that she "immediately felt harassed and discriminated against on the basis of her age, since Pease and the general manager continued to employ less qualified employees who were younger than Plaintiff.[3]

ECF No 15-2 at ¶¶ 12, 14.  The rest of Plaintiff's allegations remain the same.  Pease is a citizen of California, as is Plaintiff.  ECF 15-1.  The inclusion of Pease would destroy complete diversity and necessitate a remand.

## III.    Legal Standard

This Court sides with the substantial weight of district court opinions in the Ninth Circuit choosing to analyze joinder or amendment of claims to add a non-diverse defendant under § 1447(e) as opposed to Rule 15's more permissive standard. *See Marroquin v. Target Corp.*, 2019 WL 2005793, at *4-5 (C.D. Cal. May 7, 2019) (collecting cases); *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014). This approach is appropriate because it permits courts to determine whether any proposed amendment to add non-diverse defendants is intended to destroy diversity jurisdiction or otherwise thwart federal jurisdiction and allows courts to consider the full context of the attempted

---

[3] This new allegation contradicts Plaintiff's previous allegation that Plaintiff texted Pease on October 27, 2020 "after receiving no response."  *See* ECF 15-2 at ¶ 15 (striking out "after receiving no response").

| | | : |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-06143-SVW-MAA | Date | |
|---|---|---|---|
| Title | *Athena Quesada v. Atrium Hospitality LP et al* | | |

joinder of a non-diverse defendant. *See Marroquin*, 2019 WL 2005793, at *5.

Therefore, the Court analyzes this motion via consideration of the *Murphy* factors under 28 U.S.C. § 1447(e). *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015). These factors include:

1. Whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a)
2. Whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder;
3. Whether there has been unexplained delay in seeking the joinder;
4. Whether the joinder is solely for the purpose of defeating federal jurisdiction;
5. Whether the claim against the new party seems valid;
6. The possible prejudice that may result to any of the parties in the litigation;
7. The closeness of the relationship between the new and the old parties;
8. The effect of an amendment on the court's jurisdiction; and
9. The new party's notice of the pending action.

*Id.* at 1278. The decision of whether to permit a plaintiff to add a diversity-destroying defendant is within the Court's discretion. *See Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999) ("if a plaintiff seeks to amend a removed complaint in a manner that would destroy diversity, a court has discretion whether to allow such amendment."); *Murphy*, 74 F. Supp. 3d at 1282 ("under § 1447(e), a court has discretion to deny joinder of a party 'whose identity was ascertainable and thus could have been named in the first complaint.'") (citing *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1023 (C.D.Cal.2002)).

**IV.    Discussion**
**1.    Necessary Party**

The first factor considers whether amendment should be permitted to allow joinder of non-diverse defendants under Rule 19. "[Rule] 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco*, 41 F. Supp. 2d at 1082; Fed. R. Civ. P. 19(a). "[A]mendment under § 1447(e) is a less restrictive standard than for joinder

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-06143-SVW-MAA | Date | |
|---|---|---|---|
| Title | *Athena Quesada v. Atrium Hospitality LP et al* | | |

under [Rule 19]." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012. Thus, this factor favors joinder "when failure to join will lead to separate and redundant actions", and weighs against joinder when the "defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.*

Plaintiff does not address whether Pease is a necessary party, nor is it from apparent that Pease is necessary to afford Plaintiff complete relief between in her present claims against Defendant. At the same time, the Court recognizes that Pease may be more than tangentially related to Plaintiff's current claims, since he was her supervisor at the time she was furloughed. But Plaintiff's allegations do not demonstrate a high degree of involvement by Pease in her present action against Defendant. *See McGrath*, 298 F.R.D. at 608 ("A court may find that joinder is appropriate for the just adjudication of the controversy if there is a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action."). The original complaint only names Pease once and states that Plaintiff complained to him about her increased workload and that he was her supervisor. Nowhere does she allege that Pease was responsible or involved in the decision to decrease her hours, furlough her, or terminate her. Thus, the Court finds that this factor is neutral because Plaintiff's failure to address this factor, Pease is not a necessary party under Rule 19, and Plaintiff has not included any allegations demonstrated that Pease is highly involved in her discrimination claim against Defendant.

### 2. Statute of Limitations

The second factor considers whether "a statute of limitations would affect the plaintiff's ability to bring a separate suit against the new party." *Santa Clara Valley Water Dist. v. CH2M Hill, Inc.*, No. 19-CV-08295-LHK, 2020 WL 4252677, at *4 (N.D. Cal. July 24, 2020) (citations omitted). Plaintiff has not addressed any statutes of limitations, nor has Plaintiff suggested that any claims against Defendants would be time-barred. This factor does not support allowing amendment. *Clinco*, 41 F. Supp. 2d at 1083 ("Clinco does not argue that a new action against Klarfeld would be time-barred. Therefore, this factor does not support amendment.").

### 3. Unexplained Delay

Under the third factor, the Court considers whether "the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083. "[C]ourts must consider whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading. *Murphy*, 74 F. Supp. 3d at 1284 (citations and quotations omitted).

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-06143-SVW-MAA | Date | |
|---|---|---|---|
| Title | *Athena Quesada v. Atrium Hospitality LP et al* | | |

Here, Plaintiff filed her initial complaint in March 2022, and now seeks to amend her complaint nine months later.  Plaintiff contends that the delay was justified because she did not discover the new facts underlying her new claims until November 21, 2022, around two weeks before she sought to amend her complaint.  But the new facts discovered by Plaintiff were revealed *by her at her own deposition*.  Plaintiff has provided no explanation as to why she did not know or should not have known about facts that she herself revealed at discovery.  A satisfying explanation is especially warranted given that one of the new allegations directly contradicts an allegation made in the original complaint.  The proposed amended complaint alleges a phone call between Pease and Plaintiff occurred on October 1, 2020, but Plaintiff's complaint states that Plaintiff texted Pease again on October 27 "after receiving no response" from her prior text message on October 1, 2020.  *Compare* Compl. at ¶ 14 *with* ECF 15-2 at ¶¶ 14, 15 (including the phone call allegation and striking out "after receiving no response").  Accordingly, this factor weighs against amendment.

### 4.  Validity or Strength of the New Claims

Under the fifth factor,[4] courts consider "whether a new claim sought to be added seems to have merit." *Santa Clara Valley Water Dist.*, No. 19-CV-08295-LHK, 2020 WL 4252677, at *7 (citations omitted).  "[T]he [c]ourt need only determine whether the claim seems valid, which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Meggs v. NBCUniversal Media, LLC*, No. 217CV03769ODWRAOX, 2017 WL 2974916, at *8 (C.D. Cal. July 12, 2017) (citations omitted).[5]

---

[4] Although courts have routinely considered the validity of the claim (the "fifth factor") after consideration of the motive or purpose of joinder (the "fourth factor"), the Court will consider the validity of the claim first.  As explained below, many of the considerations that inform whether the sole motive or purpose of joinder is to defeat jurisdiction overlaps with the validity of the claim and whether there has been an unexplained delay (the "third factor").

[5] The Court notes that in defining this factor, courts within the Ninth Circuit have taken a variety of approaches.  Several courts have applied the fraudulent joinder standard to determine if this factor weighs in favor of joinder. *See Kelly v. SMG Holdings, Inc.*, 2015 WL 13652713, at *4 (C.D. Cal. Mar. 9, 2015) (applying fraudulent joinder analysis in determining whether the claim against the new defendant appears valid); *Swain v. Enter. Bank & Tr.*, No. CV 21-8728-MWF (EX), 2022 WL 252005, at *4 (C.D. Cal. Jan. 25, 2022) (same); *Pottroff v. Costco Wholesale Corp.*, No. 520CV02142MCSSHK, 2021 WL 4620959, at *3 (C.D. Cal. Feb. 19, 2021) ("under this factor, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies.") (citations and quotations omitted).  The Court declines to adopt the fraudulent joinder standard in determining the validity of the claim.  "[C]ourts have generally concluded that the fraudulent joinder doctrine applies only at the time of removal – where the 'sham' defendant was already joined in the state court action – not when the plaintiff seeks to add the defendant after removal." *Orlov v. Gen. Ins. Co. of Am.*, No.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-06143-SVW-MAA | Date | |
| Title | *Athena Quesada v. Atrium Hospitality LP et al* | | |

### i. Harassment Claim

A claim for harassment under FEHA requires a plaintiff to establish that (1) he is a member of a protected group; (2) he was subjected to harassment because he belonged to this group; and (3) the alleged harassment was so severe or pervasive that it created a hostile work environment. *See Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013). Actionable harassment "cannot be occasional, isolated, sporadic, or trivial[;] rather, the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature....' " *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 877 (2010) (citing *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal.4th 121, 129 (1999)).

Here, Plaintiff asserts claims for age and disability harassment against Pease on the basis of the following allegations: 1) She was not permitted to attend a company Christmas party in 2019 while she was still on approved medical leave of absences; 2) Defendants furloughed Quesada on the basis of her age and/or disability; and 3) Pease laughed loudly at Plaintiff and hung up the phone, when Plaintiff called him, requesting to return to work.

These allegations taken together demonstrate a weak—if not facially invalid—claim. First, Plaintiff does not include any allegation which connects Pease's alleged laugh to Plaintiff's age or disability. *See Godinez v. Alta-Dena Certified Dairy, LLC*, No. CV1501652RSWLSSX, 2016 WL 6915509, at *11 (C.D. Cal. Jan. 29, 2016) ("Plaintiff's only factual support for her alleged "harassing" treatment was an instance in which Flores laughed during a meeting in which Plaintiff was notified that she was going to be terminated. […] This single incident, coupled with the fact that Plaintiff concedes she does not know why Flores laughed, is insufficient to raise a triable issue.").

Second, Defendant's decision to furlough Plaintiff, assuming that it can be attributed to Pease, is a personnel management decision that is outside the definition of harassment and falls within the ambit of a discrimination claim. *See Reno v. Baird*, 18 Cal. 4th 640, 645–46, 957 P.2d 1333, 1336 (1998) ("Discrimination claims, by contrast, arise out of the performance of necessary personnel management duties. While harassment is not a type of conduct necessary to personnel management, making decisions is a type of conduct essential to personnel management."); *Rahimi v. Crossroads Hosp. Co. LLC*, No.

---

2:21-CV-09848-SVW-JC, 2022 WL 2102999, at *2 n.2 (C.D. Cal. Mar. 16, 2022); *see Picketing v. FCA US LLC*, 2021 WL 5968454, *3 n.5 (C.D. Cal. April 12, 2021) (citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677-78 (5th Cir. 1999)); *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 n.2 (C.D. Cal. 2002).

|  | : |
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-06143-SVW-MAA | Date | |
|---|---|---|---|
| Title | *Athena Quesada v. Atrium Hospitality LP et al* | | |

2:19-CV-10661-SVW-AS, 2020 WL 1042512, at *3 (C.D. Cal. Mar. 2, 2020) (holding that allegations regarding a supervisor's failure to respond to complaints regarding unsafe working conditions and the supervisor's attempts to reduce the plaintiff's working hours were are not sufficient to establish any likelihood of liability for a hostile work environment claim under the FEHA, because the allegations did not show any concerted pattern of harassment and depended on alleged actions within the scope of supervisor's job duties as a manager).

   Plaintiff contends that under *Roby v. McKesson Corp*, there may be liability where personnel and management decisions have a "secondary effect of communicating a hostile message". 47 Cal. 4th 686, 709, 219 P.3d 749, 763 (2009), as modified (Feb. 10, 2010). But "[t]his occurs when the actions establish a widespread pattern of bias." *Id.* Plaintiff includes no allegations that demonstrate a widespread pattern of bias on the basis of age or disability. *See Rockymore v. Eurofins Donor & Prod. Testing, Inc.*, No. 3:22-CV-00176-WHO, 2022 WL 2704122, at *5 (N.D. Cal. July 11, 2022) (finding plaintiff had plausibly established the necessary pattern of bias where she included allegations that: 1) her supervisor gave her assignment with unrealistic timelines while there was not similar treatment for other mangers; 2) her supervisor refused to give her a performance review despite doing so for other employees; 3) she was rebuffed multiple times for raising this issue; 4) she was made to do tasks while out sick; and 5) she was unjustly and pretextually terminated); *Miller v. Department of Corrections*, 36 Cal. 4th 446, 466 (2005) (finding a prima facie claim for harassment based on severe, pervasive and widespread sexual favoritism where there was evidence that a supervisor had "engaged concurrently in sexual affairs with three subordinate employees," other employees had witnessed sexual contact between supervisors and subordinates at work, and "affairs between supervisors and subordinates were common ... and were widely viewed as a method of advancement.").

   Finally, Plaintiff's allegation that she was not permitted to attend the company Christmas party, on its face, is not severe or pervasive enough to demonstrate harassment on the basis of age or disability. *See Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 610, 262 Cal. Rptr. 842, 852 (Ct. App. 1989) ("acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature") (quotations and citations omitted).   In response, Plaintiff notes that the California Legislature has stated: "[a] single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment" Cal. Gov't Code §

| | : |
|---|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-06143-SVW-MAA | Date | |
|---|---|---|---|
| Title | *Athena Quesada v. Atrium Hospitality LP et al* | | |

12923.[6]  While the Court recognizes that it is possible, in the broadest sense, that this event could raise a triable issue as to harassment, the Court cannot ignore the thin support this allegation provide to Plaintiff's harassment claims.  *See Clinco*, 41 F. Supp. 2d at 1084 ("Although Clinco's claim against Klarfeld might survive a motion to dismiss because of the liberal pleading rules, it would be unlikely to survive a motion for summary judgment.").

#### ii.    *Intentional Inflection of Emotional Distress*

"To state a cause of action for intentional infliction of emotional distress a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 160, 176 Cal. Rptr. 3d 824, 836 (2014) (cleaned up and citations omitted).  "Conduct, to be 'outrageous' must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Id.* (citations and quotations omitted).

Plaintiff's IIED claim is just as weak as her harassment claims against Peace.  Not permitting Plaintiff to attend the company Christmas party and/or laughing and hanging up on Plaintiff when she asked for her job back "falls short of conduct 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.'"  *Gordon v. Nexstar Broad., Inc.*, No. CV177967DSFRAOX, 2017 WL 6734166, at *1 (C.D. Cal. Dec. 28, 2017).  Moreover, although Plaintiff's furlough could be sufficient to demonstrate outrageous conduct, Plaintiff fails to include any allegations demonstrating the Pease was involved in the decision to furlough Plaintiff or that the decision could be attributed to him.  In other words, Plaintiff has failed to establish that she has a meritorious IIED claim against Pease.  Accordingly, this factor weighs against amendment.

---

[6] Plaintiff incorrectly states that "California Governmental Code § 12943 [sic] […] disapproves of the 'severe or pervasive' standard."  But Section 12923 actually reads "the Legislature hereby declares its rejection of the United States Court of Appeals for the 9th Circuit's opinion in *Brooks v. City of San Mateo* (2000) 229 F.3d 917 and states that the opinion shall not be used in *determining what kind of conduct is sufficiently severe or pervasive* to constitute a violation of the California Fair Employment and Housing Act." (emphasis), Cal. Gov't Code § 1292.  Contrary to Plaintiff's characterization, Section 12293 does not disapprove of the "severe or pervasive" standard.  Rather it disapproves of using *Brooks* in determining whether conduct is sufficiently "severe or pervasive."  Moreover, Plaintiff has cited no authority suggesting that California has jettisoned the severe or pervasive requirement under FEHA.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-06143-SVW-MAA | Date | |
|---|---|---|---|
| Title | *Athena Quesada v. Atrium Hospitality LP et al* | | |

### 5. Motive or Purpose of Joinder

Turning to motive or purpose, the Ninth Circuit has instructed that, because "motive in seeking joinder" is a relevant factor in determining whether to grant amendment, "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction...." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). "The issue is often framed in terms of whether the sole purpose of seeking to join the non-diverse defendant is to defeat diversity jurisdiction." *Murphy*, 74 F. Supp. 3d at 1285.

In evaluating this factor, courts look to variety of considerations to infer motive or purpose. *See Santa Clara Valley Water Dist.*, No. 19-CV-08295-LHK, 2020 WL 4252677, at *6 (listing several different considerations). These include: 1) whether the plaintiff was aware of removal when the plaintiff amended her complaint; 2) whether the proposed amended complaint contains only minor or insignificant changes to the original complaint; 3) whether a plaintiff has provided an explanation for why the plaintiff waited to assert claims against the non-diverse defendant; and 4) whether the plaintiff has asserted a facially valid claim against a proposed defendant. *Id.*

Here, the Court finds that many of these considerations support an inference that joinder was for the sole purpose of defeating jurisdiction. First, Plaintiff was certainly aware that the case had been removed at the time she filed her amended complaint. Second, Plaintiff's amended complaint contains only two new allegations and leaves the vast majority of her complaint intact. Third, as mentioned above, Plaintiff has not provided a sufficient explanation for the delay in asserting her claims. A satisfying explanation is especially imperative given that the amendment was: 1) made nine months after the initial complaint was filed; 2) contains an allegation that contradicts a prior allegation made in the complaint; and 3) is based on facts revealed by Plaintiff at her own deposition. Finally, Plaintiff's new claims against Pease are very weak, if not facially invalid. *Orlov v. Gen. Ins. Co. of Am.*, No. 2:21-CV-09848-SVW-JC, 2022 WL 2102999, at *4 (C.D. Cal. Mar. 16, 2022) ("When the claim is obviously deficient or extremely weak, it strengthens the inference that the joinder is solely an attempt to defeat diversity."). These circumstances support an inference that joinder was solely for the purpose of defeating jurisdiction. Accordingly, this factor weighs against joinder.

### 6. Prejudice to the Parties

Turning to prejudice, the Court finds that this factor also weighs against amendment. First, "[a] plaintiff will not be prejudiced if the court can accord complete relief without the proposed defendant." *Eguilos v. Volkswagen Grp. of Am., Inc.*, No. 222CV00614KJMKJN, 2022 WL 2713273, at *5 (E.D.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-06143-SVW-MAA | Date | |
|---|---|---|---|
| Title | *Athena Quesada v. Atrium Hospitality LP et al* | | |

Cal. July 13, 2022). Second, "[b]ecause none of the claims against [Pease] appears valid, there is no basis to conclude that Plaintiff would be prejudiced even if he could not pursue them in a separate action in a Superior Court." *Murphy*, 74 F. Supp. 3d at 1286. Moreover, "to the extent that Plaintiff brings such claims, the burden of parallel actions could be addressed by having one action proceed while the other is stayed." *Id.* (citing Cal.Code Civ. Proc. §§ 404–404.9; Cal. Rules of Court 3.515, 3.520, 3.529).

Finally, permitting joinder would prejudice Defendant since discovery has already begun and Defendant have submitted a pending motion for summary judgment in compliance with the Court's scheduling order. *Compare Garrett v. New Hampshire Ins. Co.*, No. 3:11-CV-788-HZ, 2012 WL 426004, at *4 (D. Or. Feb. 9, 2012) ("given that discovery has closed and dispositive motions are pending, allowing Warrenton Fiber to be joined and remanding the case to state court would be disruptive to the case.") *with Premier Automation Contractors, Inc. v. Everest Nat'l Ins. Co.*, No. 3:19-CV-00220-AC, 2019 WL 6709395, at *6 (D. Or. Oct. 23, 2019), report and recommendation adopted, No. 3:19-CV-00220-AC, 2019 WL 6709376 (D. Or. Dec. 6, 2019) ("allowing joinder would not prejudice Defendant. Defendants have not yet filed the motion for summary judgment they maintain is forthcoming"); *see Velasco v. Ford Motor Co.*, No. 22-CV-366-MMA (DEB), 2022 WL 2287258, at *5 (S.D. Cal. June 24, 2022) ("joinder of a non-diverse party may result in prejudice to the defendant when the parties have already participated in an Early Neutral Evaluation and a Case Management Conference, submitted a joint discovery plan, and received a Scheduling Order.").

### 7. Relationship between the New and the Old Parties

Because it is alleged that Pease was, and remains, employed by Defendant and acted within the scope of his employment with respect to the alleged incident, there is a closeness in the relationship between Pease and Defendant for purposes of the present analysis. *See Oum v. Rite Aid Corp.*, No. CV 087741-GHK VBKX, 2009 WL 151510, at *2 (C.D. Cal. Jan. 20, 2009) ("[T]here is a closeness in relationship between [Defendant] Rite Aid and Nguyen [, the party sought to be joined,] because Nguyen is a supervisor at Rite Aid."). For these reasons, this factor weighs in favor of granting the requested joinder.

### 8. Effect of Amendment

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-06143-SVW-MAA | Date | |
|---|---|---|---|
| Title | *Athena Quesada v. Atrium Hospitality LP et al* | | |

If the requested joinder is granted, there would no longer be complete diversity among the parties or a basis for continued federal jurisdiction. Therefore, this factor weighs against granting the requested joinder.

### 9. The New Party's Notice

No evidence has been presented as to whether Pease is aware of the pending action. Accordingly, this factor is neutral.

…

On balance, the majority of these factors weigh against joinder of Pease. The only factor weighing in favor of joinder is the relationship between Pease and Defendant. The rest are either neutral or weigh against joinder. Of greatest significance to the court is the unexplained delay in Plaintiff's amendment of her complaint. While Plaintiff contends that she only learned the new facts underlying her claims against Pease on November 21, 2022, these facts came from Plaintiff at her own deposition. This coupled with the significant weaknesses in Plaintiff's new claims strongly weigh against joinder. Accordingly, the Court exercises its discretion to DENY the motion to amend.

## V. Conclusion

For the foregoing reasons, the motions are DENIED.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | PMC |